JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, Daniel Ryan, was convicted of operating a motor vehicle with a prohibited breath alcohol content pursuant to R.C. 4511.19(A)(3). In his sole assignment of error, he contends that the trial court erred in overruling his motion suppress. This assignment of error is not well taken.
As a preliminary matter, Ryan contends that the trial court erred in adopting the state's memorandum in opposition to the motion to suppress as its findings of facts and conclusions of law. We have reviewed the memorandum, and it accurately states the facts presented at the hearing and the pertinent law on the issues. As a reviewing court, we must accept the trial court's findings of fact since they were supported by competent, credible evidence. See State v. Curry (1994), 95 Ohio App.3d 93,641 N.E.2d 1172; State v. Claytor (1993), 85 Ohio App.3d 623,620 N.E.2d 906.
Ryan further contends that the police lacked a reasonable and articulable suspicion of criminal activity necessary to detain Ryan to perform field sobriety tests after stopping him for speeding. A police officer properly stopped Ryan's vehicle for speeding. See Delaware v. Prouse (1979), 440 U.S. 648,99 S.Ct. 1391; Dayton v. Erickson (1996), 76 Ohio St.3d 3, 665 N.E.2d 1091. However, once the officer decided to detain Ryan for field sobriety tests, Ryan was seized within the meaning of the Fourth Amendment and the officer needed an objective justification to support the seizure. State v. Andrews (1991), 57 Ohio St.3d 86,565 N.E.2d 1271; State v. Evans (1998), 127 Ohio App.3d 56,711 N.E.2d 761; State v. Neu (Mar. 3, 2000), Hamilton App. No. C-990552, unreported. The officer's observation of Ryan speeding, his detection of the odor of alcohol upon the stop of Ryan's vehicle, and Ryan's admission that he had been drinking were sufficient to give the officer a reasonable and articulable suspicion that Ryan was driving under the influence of alcohol. Consequently, the officer's detention of Ryan did not violate Ryan's Fourth Amendment rights, and the trial court did not err in overruling his motion to suppress. See State v. Boys (1998),128 Ohio App.3d 640, 716 N.E.2d 273; Cincinnati v. Askren (May 26, 2000), Hamilton App. Nos. C-990535 and C-990536, unreported. We, therefore, overrule Ryan's assignment of error and affirm the trial court's judgment.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
PAINTER, P.J., WINKLER and SHANNON, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.